## MARTHA WEBB v. WILLIAM DEESON.

A written admission made by plaintiff, that a certain slave is the property of F. D., and that "he can do as he pleases with her," estops her from claiming the slave from one to whom F. D. had made title.

APPEAL from the District Court, Tenth District, Parish of Carrol, *Farrar*, J. *Dubose*, for plaintiff and appellant. *Caldwell*, for defendant.

LEA, J. The plaintiff claims from the defendant a female slave, of whom she alleges that she is the owner and proprietor, and also claims damages for

her detention. The defendant sets up title under an act of sale from one *Fenton H. Davis,* the son of the petitioner, who, as defendant alleges, is estopped from questioning the title made by *Davis,* by her written recognition thereof made expressly for the purpose of enabling *Davis* to give a satisfactory title to a purchaser. The written admission referred to in the defendant's answer, signed by the plaintiff, expressly recognizes that the woman *Clarissa* is the property of *Fenton Davis,* and that "he can do as he pleases with her." It is unnecessary to enquire whether in point of fact the slave *Clarissa* really belonged to *Davis* or not, the plaintiff is estopped from questioning his title by her own act. "Admissions which have been *acted upon by others,* are conclusive against the parties making them, in all cases between them and the persons whose conduct they have thus influenced." 1st Greenleaf, on Evidence, § 207.

In such cases, considerations of good faith and public policy alike preclude parties from repudiating their own representations, and "it makes no difference in the operation of this rule whether the thing admitted was true or false, it being the fact that it has been acted upon that renders it conclusive." 1st Greenleaf, on Evidence, § 208. There was no error in the ruling of the court in admitting the testimony referred to in the bills of exceptions taken by plaintiff's counsel.

Judgment affirmed.